## WOLKIN v. CADEGAN.

District Court, D. Maine, S. D.
July 2, 1941.

Locke, Campbell & Reid, of Augusta, Me. (Jas. L. Reid, of Augusta, Me., of counsel), for plaintiff.

John D. Leddy, of Portland, Me., for defendant.

PETERS, District Judge.

This action, commenced in the Superior Court for Kennebec County, was removed to this court, the parties having diverse citizenship and the amount claimed being

five thousand dollars. It is brought to recover damages alleged to have been caused the plaintiff and his automobile by the negligent operation of the defendant's truck on the road between Augusta and Belfast, Maine, on a summer evening in 1940. The action was tried without a jury and I find the following to be the facts:

On June 11, 1940, at about ten-thirty p. m., on a dark night, the plaintiff and his companion, Dr. Goldberg, were driving in the plaintiff's Ford automobile from Augusta to the camp of the plaintiff situated near the Belfast road five or six miles from Augusta. The plaintiff, who was driving his car, had acquired a familiarity with the road from having driven from Augusta to his camp some ten times previously that season. The defendant operated a truck line from New Brunswick to Boston, and on the night in question was carrying a load of lobsters, the total weight of truck and load being three tons. The two drivers in charge of the truck had been driving over the road with some regularity for about a year and a half. The body of the truck, which extended two inches on each side beyond the outside lines of the machine, was lighted by the usual lights at the corners of the body, easily visible at night. There is no question about the lights on either vehicle, although the plaintiff testified that he did not see the outside lights on the truck. That may well have been the case if the accident occurred where the drivers say it occurred, near the top of a hill. There was no evidence that lights were dimmed on either vehicle.

The two vehicles came together by a sideswipe, crushing the fenders on the left hand side of the Ford car and injuring the car slightly otherwise. The truck was very little injured, if at all. Neither vehicle went out of control. The two drivers, one driving and the other smoking a cigarette, thought the vehicles might have touched, and drove ahead to the next driveway to find a place to turn around and go back. The two doctors (the plaintiff being a physician) who had their fenders injured, naturally knew there had been a contact and not seeing the other vehicle turned around and went back and found it, with its drivers, at the place where they had stopped. Some conversation occurred of not much importance, and this suit followed some correspondence.

Each side claims the other was on the wrong side of the road. The two doctors testified that they were on their own side of the road, and the two truck drivers that they were on their right hand side of the road and that the other car was beyond the center line. The two parties also disagree as to the place of the accident, but this is not particularly important as there were no marks on the surface of the ground to identify the point of collision. It is simply a case where two witnesses on each side differ with equal positiveness on the crucial point as to the location of the vehicles when the accident occurred.

I was much impressed with the appearance and testimony of the two truck drivers whose knowledge and experience in this particular matter, driving on a dark night on their usual route, seemed to me to be superior to that of the plaintiff and his friend. Assuming, which I think is the fact, that both sets of witnesses tried to tell the facts as they were, I think the defendant's witnesses had the better opportunity and the better capacity to give the true picture. The testimony of the spare driver who was sitting in the cab on the right hand side with his knees up in front of him and was, as he says, disturbed in his position by the truck wheels going on the gravel on his side of the road, was impressive to me, and, with the other details appearing in evidence, leads me to the belief that the truck was probably on its proper side of the road.

At any rate, the plaintiff has failed to sustain the burden resting on him to satisfy me by a preponderance of the evidence that the cause of the accident was the defendant's negligence and that no negligence of the plaintiff contributed to the result.

It follows that judgment must be for the defendant with costs.